IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RUDOLPH ELLIS, )
)
    Plaintiff, )
)
vs. ) CIVIL ACTION NUMBER
)
RONALD HARRIS, et al., ) 99-C-0689-S
)
    Defendants. )

FILED
AUG 27 1999
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ENTERED
AUG 27 1999

## MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT

Plaintiff Rudolph Ellis, an inmate of the United States Penitentiary at Leavenworth, Kansas, has filed this legal service liability action against his court-appointed attorney, Ronald Harris, and his law firm, Mathis, Harris & Sanford. Plaintiff claims that because his attorney failed to properly investigate the case, to utilize the services of an investigator, and to interview potential witnesses, he "sustained inadequate legal representation" in that he was convicted. (Compl. At 2-4; Pl.'s Br. Opp'n Def.'s Mot. Summ. J.) Defendants deny the claim. All parties have moved for summary judgment.

Defendants' motion for summary judgment is based on these undisputed facts: (1) Plaintiff was tried and convicted of conspiracy to distribute drugs in May 1996; (2) this action was filed on March 23, 1999.

37

The Alabama Legal Services Liability Act requires that malpractice actions against a lawyer ". . . must be commenced within two years after the act or omission or failure giving rise to the claim, and not afterwards. . ." Ala. Code § 6-5-574(a)(1975)as amended. The Alabama Supreme Court has recently interpreted the statute to mean that the period of limitations begins to run on the *date of the occurrence* of the act or omission giving rise to the claim. *Parnell v. Henslee*, 8 ALW 13-4 (No. 1962076). The acts and omissions of which Plaintiff claims in this case all occurred in 1996.

Further, the statute of limitations was not tolled under § 6-2-8, Code of Alabama of 1975, because of the Plaintiff's intervening legal disability as a prisoner. *Whitson v. Baker*, 463 So.2d 146 (Ala. 1985); *Parrish v. City of Opp, Alabama*, 898 F.Supp. 839 (M.D. Ala. 1995).

Defendant is therefore entitled to judgment as a matter of law.

By separate order, Defendants' motion will be granted and this case dismissed.

DONE this 26th day of August, 1999.

UNITED STATES DISTRICT JUDGE
U. W. CLEMON